UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAILY DEALS 1, LLC, et al.                                    PLAINTIFFS

V.                                    CIVIL ACTION NO. 3:26-CV-115-KHJ-MTP

SINGING COWBOY, INC., et al.                                  DEFENDANTS

ORDER

Before the Court is Defendants Singing Cowboy, Inc., Triple Horseshoe, L.P., Riding and Roping, L.P., and Shirley Cohen's (together, "Landlord") [3] Motion to Dismiss. Landlord says that Plaintiffs Daily Deals 1, LLC ("Daily Deals") and Adam Obeid's ("Obeid") (together, "Plaintiffs") claims were compulsory counterclaims in an earlier-filed case pending in this District, and that their failure to assert them there bars this suit. The Court agrees and grants Landlord's [3] Motion.

This dispute traces to a commercial lease that Obeid personally guaranteed. On January 13, 2025, Landlord sued Obeid on the guaranty, seeking unpaid rent and other sums due under the lease. *See* Compl. [3-1]; *Singing Cowboy, Inc. v. Obeid*, No. 3:25-CV-24-CWR-LGI (S.D. Miss.) ("Original Case"). Obeid answered and pleaded as a defense that Landlord "breached the subject lease agreement prior to any alleged breach by the Tenant; thereby relieving the Tenant and the Guarantor from any further obligations." Original Case Answer [5] at 5. He also purported to reserve "the right to bring a claim or counterclaim against [Landlord]" for negligence and breach of contract, a reservation he repeated in his initial

disclosures and again in his answer to Landlord's amended complaint. *Id.;* Initial Disclosures [3-4] at 3; Original Case Answer to Am. Compl. [12] at 5. He never pleaded a counterclaim. Nor did he seek leave to add one after the Case Management Order's June 2, 2025 deadline to amend the pleadings passed. *See* Original Case Case Management Order [8] at 4. Discovery in the Original Case, extended once, closed on March 3, 2026. *See* Original Case 12/29/2025 Text Only Order.

Obeid filed this action on February 18, 2026—eight and a half months after the amendment deadline, and two weeks before the close of discovery in the Original Case. Compl. [1] at 1. Plaintiffs allege that Landlord materially breached the same lease by failing to maintain the HVAC system and roof, charging for repairs and security it never provided, and rendering the premises unusable, and they seek damages and rescission of the Guaranty. *Id.* ¶¶ 13, 15. Obeid then moved to consolidate the two cases, representing that they "involv[e] the same parties and the same underlying dispute," present "identical questions of law and fact," and "will require the testimony of the same witnesses and the production of the same documentary evidence." Original Case Mot. [23] ¶ 3; Def.'s Mem. [24] at 1–2. That [23] Motion remains pending.

To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The Court accepts Obeid's well-pleaded facts as true. It may also take judicial notice of matters

of public record, including the pleadings, disclosures, and orders from the Original Case attached to Landlord's motion. *See Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

Start with Federal Rule of Civil Procedure 13(a)(1). A pleading "must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party" if the claim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and requires no absent party. Fed. R. Civ. P. 13(a)(1). A counterclaim is compulsory if the answer to any one of four questions is yes: (1) whether "the issues of fact and law raised by the claim and counterclaim largely are the same"; (2) whether "res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule"; (3) whether "substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim"; and (4) whether there is "any logical relationship between the claim and the counterclaim." *Tank Insulation Int'l, Inc. v. Insultherm, Inc.*, 104 F.3d 83, 85–86 (5th Cir. 1997) (citation modified). "[A] failure to plead a compulsory counterclaim bars a party from bringing a later independent action on that claim." *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 882 (5th Cir. 1998).

Here, all four answers are yes, and Obeid has supplied them himself: same parties, same underlying dispute, identical questions of law and fact, same witnesses, same documents. Original Case [23] ¶ 3; Original Case [24] at 1–2. Plaintiffs' claims rest on the very lease breaches Obeid twice pleaded defensively in the Original Case. Claims that share an "aggregate of operative facts" with the

3

original action are compulsory counterclaims in it. *Deshotel*, 142 F.3d at 882 (citation modified).

Daily Deals' presence in this suit changes nothing. Rule 13(a) binds a "pleader," and Daily Deals filed no pleading in the Original Case. Fed. R. Civ. P. 13(a)(1). But the rule against claim-splitting "prohibits a party or parties in privity from simultaneously prosecuting multiple suits involving the same subject matter against the same defendants." *Gen. Land Off. v. Biden*, 71 F.4th 264, 269–70 (5th Cir. 2023). Daily Deals is the Tenant whose lease obligations Obeid guaranteed, and its claims are Obeid's claims: same lease, same alleged breaches, same relief. Plaintiffs nowhere contend that Daily Deals stands on different footing, and the Court will not construct that argument for them.

Plaintiffs do not seriously argue otherwise. Rule 13(a), they say, "does not operate in a vacuum." Pl.'s Mem. [6] at 3. Plaintiffs offer three reasons to withhold the bar. None work.

First, Plaintiffs point to Section 49(D) of the lease. Lease [5-1] at 10. That provision says, "[i]n the event Landlord commences any summary proceeding or exercises any right listed in this lease, Tenant covenants and agrees that it will not interpose, by consolidation of actions or otherwise, any counterclaim or other claims seeking affirmative relief of any nature or description in any such proceeding."[1] *Id.*

---

[1] Plaintiffs' brief quotes this language as Section 46(D) of the Lease; Landlord's [7] Reply quotes identical language as Section 49(D) and situates it within the Lease's default-remedies article alongside Sections 49(A) and 49(B). The discrepancy is immaterial to the analysis. The Court adopts Landlord's numbering.

Because that provision barred Obeid from counterclaiming, Plaintiffs reason, Landlord cannot fault him for not counterclaiming. [6] at 4.

The text says otherwise. The only proceeding Section 49(D) identifies is a "summary proceeding," and its covenant forbids counterclaims only "in any such proceeding." [5-1] at 10. A summary proceeding, in the landlord-tenant context, is a fast-track possessory action such as an eviction. *See White v. Usry*, 800 So. 2d 125, 128 (Miss. Ct. App. 2001) (describing unlawful-entry-and-detainer suits as "summary proceedings meant only to evict someone who without claim of right is depriving the owner of possession"). The Original Case is nothing of the sort. It is a plenary federal action for money damages on a guaranty, complete with a scheduling order and a year of discovery. The covenant also runs from "Tenant," and Landlord sued Obeid as guarantor. [5-1] at 1.

Plaintiffs' broader reading—that Section 49(D) reaches any proceeding in which Landlord "exercises any right listed in this lease"—does not alter this result. [6] at 3. If Plaintiffs are right about Section 49(D), then the provision forbids not just counterclaims but "other claims seeking affirmative relief of any nature or description." [5-1] at 10. That sweep would bar this lawsuit too, at least as to the tenant that made the covenant. Read narrowly, Section 49(D) never excused Obeid's silence in the Original Case. Read broadly, it dooms Plaintiffs' claims in this one. Either way, it offers no refuge from Rule 13(a). Whatever its reach, Section 49(D)'s effect was a question for the court in the Original Case, presented by pleading the counterclaims or moving for leave to assert them.

Next, Plaintiffs turn to equity. [6] at 4. They say Landlord's [3] Motion leaves them in an "impossible position": counterclaim and face the clause or honor the clause and face Rule 13(a). *Id.* But the position is neither impossible nor of Landlord's making. In the Original Case, Obeid reserved the right to counterclaim three times over, let the amendment deadline pass without a word, and sued only when discovery in the Original Case was weeks from closing. Equity does not relieve a party of a deadline they thrice acknowledged and never once moved to meet. Nor does it matter that the Original Case has not gone to judgment. The rule against claim-splitting "prohibits a party or parties in privity from simultaneously prosecuting multiple suits involving the same subject matter against the same defendants," and it permits dismissal of the second-filed suit while the first is still pending. *Gen. Land Off.*, 71 F.4th at 269–70. A final-judgment prerequisite would defeat the rule because a plaintiff could always outrun preclusion by filing the second suit early—which is to say, by doing what Rule 13(a) forbids.

Plaintiffs' final argument fares no better. They explain that this case seeks "relief distinct from the guaranty collection action." [6] at 6. The compulsory-counterclaim inquiry, however, turns on operative facts, not remedies or labels. *See Deshotel*, 142 F.3d at 881. Recasting the same lease dispute as an affirmative claim for damages and rescission does not make it a new transaction, as Plaintiffs' own consolidation argument concedes. Consolidation Mot. [3-9] ¶ 3.

A final word. Landlord acknowledges that whether Plaintiffs may still assert these claims in the Original Case "is an issue that must be presented and decided

6

by the Court in that case." Defs.' Mem. [4] at 8. The Court agrees. Nothing in this Order forecloses Obeid from seeking leave, under Rules 15 and 16, to assert his claims in the case where Rule 13(a) required them all along. Whether leave is warranted at this stage of that litigation is a question for that court, on which this Court expresses no view.

For the reasons above, the Court grants Landlord's [3] Motion and dismisses this case. In doing so, the Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 6th day of August, 2026.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE